WATSON *v.* ALLEN.

Where a series of long and complicated dealings is involved in a trial, the verdict of the jury, unless grossly unjust or founded in palpable mistake, will not be disturbed by the Supreme Court, notwithstanding the plaintiff may have remitted a part of the verdict.

Where on a careful review of the evidence given in a cause the conclusions of the Supreme Court would differ widely from those of the jury, it is still deemed safer to defer to their decision.

Where the verdict is in accordance with the evidence, it is immaterial what instructions were given or refused.

ERROR to the *Vigo* Circuit Court.

*Wednesday, December 21.*

STUART, J.—Assumpsit on the common counts, and damages laid at 12,000 dollars. Pleas, the general issue and a set-off. Trial by jury. Verdict for the plaintiff below, *Allen*, for 1,538 dollars and 58 cents. Remittitur for 864 dollars and 12 cents. Motion for a new trial overruled,

and judgment for the residue. The evidence is made part of the record.

It is said there is palpable hardship in the verdict. We do not think the evidence shows it. We have taken pains to make our own figures, and after deducting the sum remitted, the excess is not such as to warrant us in disturbing the verdict. In a series of long, complicated dealings, like that before us, it is not to be expected that entire accuracy could be attained. The jury, whose peculiar province it was to sift out the facts from the mass of evidence before them, have found for the plaintiff, *Allen;* and unless the verdict be grossly unjust, or founded in palpable mistake, notwithstanding the sum remitted, the verdict must be respected. *Mann* v. *Clifton,* 3 Blackf. 304.

A court of errors cannot see the whole case as a jury or as the presiding judge sees it. The manner in which a witness testifies, and many other intangible incidents in the progress of a trial tending to give point to one part of the evidence and discredit another part, cannot be presented for review. They are wholly lost in this Court. And when the presiding judge coincides with the verdict, by overruling the motion for a new trial, it would be hazardous for us to disturb such adjudications. Even when on a careful review of the evidence, our own conclusions would differ widely from those of the jury, we still feel it safer to defer to the tribunal which the theory of our institutions wisely deems more competent for the determination of facts.

Even in criminal cases of a high grade, this has long been the settled rule acted upon by the Court. 7 Blackf. 186.—*Ledley* v. *The State,* at this term. Much more should it be adhered to in civil cases.

The verdict being substantially right on the evidence, the instructions given or refused are immaterial.

*Per Curiam.*—The judgment is affirmed, with 2 per cent. damages and costs.

*W. D. Griswold,* for the plaintiff.

*J. P. Usher,* for the defendant.